IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOEUF RIVER FARM, INC.                                                                           PLAINTIFF

v.                                              No. 5:10CV00279 JLH

ROCKY TRIGLETH and UNITED STATES
DEPARTMENT OF AGRICULTURE
FARM SERVICES AGENCY                                                                       DEFENDANTS

## OPINION AND ORDER

Boeuf River Farm, Inc., sued Rocky Trigleth and the United States Department of Agriculture Farm Services Agency in the Circuit Court of Chicot County, Arkansas, seeking to recover farm rent that Trigleth allegedly owed to Boeuf River Farm for the 2009 crop year. The USDA Farm Services Agency removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) and § 1444. Boeuf River Farm and the USDA Farm Services Agency have filed cross motions for summary judgment. Because the USDA Farm Services Agency is protected from suit by sovereign immunity, the claims against it will be dismissed without prejudice, and the claims against Trigleth will be remanded to the Circuit Court of Chicot County, Arkansas.

The amended complaint alleges that Trigleth entered into a farm lease with Boeuf River Farm for the 2009 crop year and that Trigleth defaulted on paying the rent at the end of the crop year. The complaint further alleges that Boeuf River Farm perfected its landlord's lien in the crops and proceeds from the crops pursuant to Ark. Code Ann. § 18-41-101. Trigleth, according to the complaint, paid funds that were subject to Boeuf River Farm's landlord's lien to the USDA Farm Services Agency while the agency knew of Boeuf River Farm's lien on those proceeds. Boeuf River Farm alleges that representatives of the USDA Farm Services Agency stated that the agency would honor the landlord's lien but the agency then failed to do so. The amended complaint alleges that

the USDA Farm Services Agency applied those payments to Trigleth's debt on a crop loan even though it knew that the funds were subject to a superior lien in favor of Boeuf River Farm.

Boeuf River Farm has now filed a motion for summary judgment arguing that, as a matter of law, its landlord's lien is superior to the USDA Farm Service Agency's right to collect payment on its crop lien. In turn, the USDA Farm Service Agency has filed a motion for summary judgment arguing, in part, that the Court lacks subject matter jurisdiction because Boeuf River Farm's claim is, in effect, a claim for the tort of conversion, which must be brought against the United States under the Federal Tort Claims Act. Boeuf River Farm contends that the action is not really one for the tort of conversion but one to enforce the landlord lien statute, Ark. Code Ann. § 18-41-101. Boeuf River Farm concedes, however, that if the action is one for the tort of conversion, the action should be dismissed without prejudice because Boeuf River Farm has not exhausted its administrative remedies as the Federal Tort Claims Act requires.[1]

For present purposes, it is unnecessary to decide whether Boeuf River Farm's claim against the USDA Farm Services Agency is a claim for the tort of conversion because the claim must be dismissed either way: if this is a tort action, Boeuf River Farm has not exhausted the administrative remedy as required by the Federal Tort Claims Act, and if this is not a tort action, Boeuf River Farm has not shown that the United States has waived its sovereign immunity.

---

[1] In response to the USDA Farm Services Agency's statement of material facts not in dispute, Boeuf River Farm admitted that it did not file an administrative tort claim with the USDA Farm Services Agency. *See* Document #40, ¶ 11. Boeuf River Farm did notify the USDA Farm Services Agency of its lien by letter dated March 19, 2010, and in that letter requested assistance in collecting. That letter did not, however, make a claim for the tort of conversion, nor did it make a demand on the agency for any amount of money. *See* Document #40, p. 9.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994). To bring an action against an agency of the federal government, a party "must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. Partnership v. Dep't of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). When congress gives consent for the United States or an agency thereof to be sued, the terms of that consent define the Court's jurisdiction to entertain the suit. *Meyer*, 510 U.S. at 475, 114 S. Ct. at 1000; *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 770, 85 L. Ed. 1058 (1941). Although congress has given consent for tort actions against the United States, it has required as a condition of that consent that any such claim must be presented to the appropriate federal agency before an action can be instituted. *See* 28 U.S.C. § 2401(b) and § 2675(a). Thus, the administrative remedy must be exhausted before suit can be commenced under the Federal Tort Claims Act. *McNeil v. United States*, 508 U.S. 106, 110-11, 113 S. Ct. 1980, 1983, 124 L. Ed. 2d 21 (1993); *Mader v. United States*, 654 F.3d 794 (8th Cir. 2011). Boeuf River Farm admittedly has not exhausted its administrative remedy under the Federal Tort Claims Act. Therefore, if this is an action for which the congress has waived sovereign immunity pursuant to the Federal Tort Claims Act, it must be dismissed because Boeuf River Farm has not complied with the condition imposed by congress when it gave consent in that statute for tort actions to be instituted against the United States.

On the other hand, if Boeuf River Farm is correct that this is not a tort action but an action having some other character or nature, the action still must be dismissed. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965, 77 L. Ed. 2d 580 (1983). Boeuf River Farm has not identified any potentially applicable statute in which

congress has given consent for the United States to be sued other than the Federal Tort Claims Act. Consequently, even if Boeuf River Farm is correct that its action against the USDA Farm Services Agency is not in the nature of a tort action, the action still must be dismissed because the agency is protected from suit by sovereign immunity.

The claims of Boeuf River Farm, Inc., against the United States Department of Agriculture Farm Services Agency will be dismissed without prejudice.

Boeuf River Farm and Trigleth are citizens of the State of Arkansas, and the dispute between them arises under state law. Either the Court never had jurisdiction over the claims of Boeuf River Farm against Trigleth, or if the Court has jurisdiction over those claims, it is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In the later event, the Court declines to exercise jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3). In either event, now that the federal agency is dismissed, the proper course is to remand this action to the Circuit Court of Chicot County, Arkansas. *Williams v. City of Atlanta*, 794 F.2d 624, 628-29 (11th Cir. 1986).

## CONCLUSION

For the reasons stated, Boeuf River Farm, Inc.'s motion for summary judgment is denied, and the USDA Farm Services Agency's motion for summary judgment is granted. Documents #21 and #29. The claims of Boeuf River Farm, Inc., against Rocky Trigleth are remanded to the Circuit Court of Chicot County, Arkansas.

IT IS SO ORDERED this 16th day of November, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE